

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00212-CV

Earl **HARPER**,
Appellant

v.

**CREDITO REAL BUSINESS CAPITAL**,
Appellee

From the 438th Judicial District Court, Bexar County, Texas
Trial Court No. 2020CI23243
Honorable Laura Salinas, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:       Rebeca C. Martinez, Chief Justice
               Luz Elena D. Chapa, Justice
               Beth Watkins, Justice

Delivered and Filed: July 20, 2022

AFFIRMED

This is an interlocutory appeal from the trial court's order denying appellant Earl Harper's motion to dismiss pursuant to the Texas Citizens Participation Act (TCPA). Harper argues the trial court erred because the claim he sought to dismiss implicated his right of free speech under the TCPA, and appellee Credito Real Business Capital (CRBC) failed to carry its burden to show a prima facie case of this claim by clear and specific evidence. We affirm the trial court's order.

## BACKGROUND

This case involves two limited liability companies, CR-FED, LLC and CR-FED Leasing, LLC. These companies provide specialized financing services to businesses in the construction industry and operate under the same assumed name, CRBC. Through these companies, CRBC provides factoring services and leases equipment to other businesses. Harper worked for CRBC as its Executive Vice President and as a consultant. Among his duties, Harper worked directly with CRBC customers who either sold outstanding invoices or accounts receivables to CR-FED under factoring service agreements[1] or leased equipment from CR-FED Leasing. Harper's duties required CRBC to share confidential business information about its practices with him. As a result, it asked Harper to sign a Confidentiality Agreement, wherein Harper promised he would not disclose CRBC's confidential information with third parties. The Confidentiality Agreement was by and between CR-FED and Harper.

Ontrack Site Services, LLC is a site grading contractor and was one of CRBC's customers with whom Harper worked. CRBC advanced money and leased equipment to Ontrack. CRBC revealed to Harper how much money Ontrack owed CRBC, its prospect for repayment, when it would be willing to extend additional factoring services or equipment leases to Ontrack, what security for repayment it would require, and its plans, budgets, and projections for its future relationship with Ontrack. According to CRBC, Harper used this confidential information to benefit Ontrack at CRBC's expense by guiding Ontrack how to negotiate with CRBC for lower lease rates and additional funding. CRBC ultimately terminated Harper's services. When CRBC terminated Harper's services, Ontrack owed CRBC millions of dollars, and CRBC and Ontrack were actively engaged in negotiations to restructure Ontrack's debt. According to CRBC, Harper

---

[1] Under these agreements, CRBC became the owner of the purchased invoices or accounts receivable and could collect on them.

instructed Ontrack not to commit to CRBC and instead obtain financing from Southwest Capital, a company Harper recently had joined.

CRBC ultimately sued Harper for breach of fiduciary duty and breach of contract, alleging he breached his duties of loyalty and candor and the Confidentiality Agreement by misappropriating CRBC's trade secrets.[2]  In its original petition, CRBC indicated it is an assumed name for CR-FED.  It later amended its petition, clarifying CRBC is an assumed name for CR-FED and CR-FED Leasing.  Harper ultimately filed a motion to dismiss CRBC's breach of contract claim pursuant to the TCPA.  The trial court held a hearing on Harper's motion, and after hearing argument, it took the matter under advisement.  Thereafter, the trial court denied the motion. Harper now appeals.

**ANALYSIS**

***Standard of Review***

"We review a trial court's denial of a TCPA motion to dismiss de novo."  *Segundo Navarro Drilling, Ltd. v. San Roman Ranch Mineral Partners, Ltd.*, 612 S.W.3d 489, 492 (Tex. App.—San Antonio 2020, pet. denied).  In conducting our review, "[w]e view the pleadings and evidence in the light most favorable to the nonmovant."  *Id*. (alteration in original and internal quotations omitted).

***Applicable Law***

The TCPA "protects citizens who petition or speak on matters of public concern from retaliatory lawsuits that seek to intimidate or silence them."  *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015) (orig. proceeding).  Under the Act, a party may file a motion to dismiss if a "legal action is based on or is in response to a party's exercise of the right of free speech, right to petition,

---

[2] CRBC also sued Southwest Capital Group, who is not a party to this appeal.

or right of association." TEX. CIV. PRAC. & REM. CODE § 27.003(a). The filing of a motion to dismiss triggers a three-step burden shifting mechanism. *See id*. § 27.005(b)–(d); *Lipsky*, 460 S.W.3d at 586–87. The movant bears the initial burden to demonstrate the legal action is based on or in response to the movant's exercise of the right to free speech, the right to petition, or the right of association. TEX. CIV. PRAC. & REM. CODE § 27.005(b). If the movant meets its initial burden, the burden shifts to the nonmovant to establish by clear and specific evidence a prima facie case for each essential element of its claim. *Id*. § 27.005(c). If the nonmovant fails to meet its burden, the trial court must dismiss the legal action. *See id*. § 27.005(b)-(c). If the nonmovant satisfies its burden, the trial court must nevertheless dismiss the legal action if the movant establishes an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law. *Id*. § 27.005(d). To determine whether the nonmovant's claim should be dismissed, the trial court considers the pleadings, evidence a court could consider under Texas Rule of Civil Procedure 166a, and any supporting and opposing affidavits stating the facts on which the claim or defense is based. *Id*. § 27.006(a); *see* TEX. R. CIV. P. 166a.

### *Application*

According to Harper, the trial court erred when it denied his motion to dismiss because CRBC's breach of contract claim against him relates to his exercise of free speech, and CRBC did not establish a prima facie case of this claim by clear and specific evidence. As part of his argument, Harper asserts the trial court improperly considered CRBC's first amended petition.

We begin by determining whether the trial court could have considered CRBC's amended petition when it made its ruling on Harper's motion to dismiss.[3] Texas Rule of Civil Procedure 63

---

[3] We note before addressing the merits of Harper's argument, CRBC argues Harper waived his challenges because of inadequate briefing. According to CRBC, Harper's brief violates Texas Rule of Appellate Procedure 38.1 because it lacks a summary of the argument section, a standard of review section, and an appendix with a copy of the challenged order. A review of the brief, however, shows it includes an introduction section summarizing the argument and

allows a party to amend its pleadings so as not to surprise the opposing party. TEX. R. CIV. P. 63. The rule further provides any pleadings offered within seven days of trial shall be filed only after obtaining leave of court. *Id.* However, "a party may file an amended pleading outside seven days of the trial date freely, without leave of court." *Mensa-Wilmot v. Smith Intern, Inc.*, 312 S.W.3d 771, 778 (Tex. App.—Houston [1st Dist.] 2009, no pet.). Here, CRBC filed its amended petition on March 16, 2021, and the hearing occurred on April 30, 2021. Accordingly, CRBC filed its amended pleading well before seven days of the hearing date. And while Harper argues the amended petition added CR-FED Leasing as a party, the amended petition did not change CRBC's party status as a plaintiff seeking to establish a breach of contract claim against Harper. We therefore conclude the amended pleading did not include any element of surprise, and we reject Harper's contention the trial court improperly considered CRBC's amended petition when making its ruling. *See Atlas Survival Shelters, LLC v. Scott*, No. 12-20-00054-CV, 2020 WL 6788714, at *4 (Tex. App.—Tyler Nov. 18, 2020, no pet.) (mem. op.) (explaining appellant failed to show surprise when amended petition did not include new causes of action); *see also* TEX. CIV. PRAC. & REM. CODE § 27.006 (allowing trial court to consider pleadings in its determination).

We now turn to Harper's primary assertion in which he argues the trial court erred by denying his motion to dismiss. We do not need to resolve Harper's contention asserting CRBC's breach of contract claim implicates his exercise of free speech because even presuming it does and the TCPA applies, we conclude CRBC established by clear and specific evidence a prima facie case for its breach of contract claim. *See Meat Supply, LLC v. 510 S. Good Latimer, LLC*, No. 04-21-00095-CV, 2022 WL 689071, at *3 (Tex. App.—San Antonio Mar. 9, 2022, no pet.) (mem.

---

contains an adequate explanation of Harper's argument. Accordingly, we conclude Harper's brief sufficiently complies, and we will address his arguments. *See* TEX. R. APP. P. 2, 38.1; *see also St. John Missionary Baptist Church v. Flakes*, 595 S.W.3d 211 (Tex. 2020) ("We have often held that a party sufficiently preserves an issue for review by arguing the issue's substance.").

op.) (assuming TCPA applies and determining whether nonmovant established prima facie case to dispose of appeal). A party establishes a "prima facie case" when it provides legally sufficient evidence showing a claim as factually true if it is not countered. *Lipsky*, 460 S.W.3d at 590. It is "the 'minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true.'" *KBMT Operating Co. v. Toledo*, 492 S.W.3d 710, 721 (Tex. 2016) (quoting *Lipsky*, 460 S.W.3d at 590). To meet its prima facie burden, "a plaintiff must provide enough detail to show the factual basis for its claim." *Lipsky*, 460 S.W.3d at 591. However, "the [TCPA] does not impose an elevated evidentiary standard or categorically reject circumstantial evidence." *Id.* To establish a claim for breach of contract, CRBC must prove the following elements: (1) a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach. *BoRain Cap., LLC v. Hashmi*, 533 S.W.3d 32, 36 (Tex. App.—San Antonio 2017, pet. denied).

Here, the only element Harper disputes is breach. According to Harper, CRBC "produced no evidence of anything Harper did in 2020 to support the claims made in the Petition." However, CRBC's breach of contract claim is not limited to actions Harper took in 2020. Instead, in its amended petition, CRBC generally contends Harper "breached his contractual obligations to CRBC under the Confidentiality Agreement." To support its contention, CRBC produced a copy of the Confidentiality Agreement, which required Harper not to disclose certain confidential and proprietary information, including business plans, financing information and pricing, and business strategies, to third parties.

To establish Harper disclosed such information, CRBC produced affidavits from three of its managers. Leonardo Rajunov, a CRBC manager (both of CR-FED and CR-FED Leasing), attested CRBC shared with Harper how CRBC priced its factoring services and equipment leases with customers. Harper also knew CRBC did not want to advance additional money to Ontrack

until it could determine how much money it would collect from certain outstanding invoices. Rajunov further attested despite this confidential knowledge, Harper emailed Ontrack and told Ontrack he would work with Ontrack to press CRBC to advance more money to Ontrack. Rajunov further attested Harper drafted an email on behalf of Ontrack to CRBC, inducing CRBC to provide additional funding it would not have otherwise advanced to Ontrack. Copies of the emails were attached to Rajunov's affidavit. Another CR-FED manager, Fermin Rajunov, attested an Ontrack employee specifically told him Harper instructed Ontrack not to sign additional lease agreements with CRBC because it could get cheaper rates. And lastly, Nim Meishar, the operations manager for CR-FED, attested CRBC's cost of capital and lease rates were confidential information, and he told Harper how CRBC calculated monthly lease rates based on its cost of capital. This evidence supports a rational inference Harper disclosed CRBC's confidential business plans and strategies as well as internal pricing to Ontrack, leading Ontrack to obtain additional funding under factoring service agreements and cheaper lease rates at CRBC's expense.

In his reply brief, Harper contends CRBC "conflate[s] the causes of action between the two entities and selectively cherry pick[s] facts from each entity to manufacture one whole claim." According to Harper, CRBC is improperly attempting to establish he breached the Confidentiality Agreement he signed with CR-FED by disclosing trade secrets belonging to CR-FED Leasing. We recognize the Confidentiality Agreement is by and between Harper and CR-FED; nevertheless, the evidence shows Harper was aware of CR-FED's business plans and strategies with respect to Ontrack and advised Ontrack how to pursue further advances of funds under factoring service agreements and cheaper lease agreements. This evidence supports a rational inference Harper disclosed CR-FED's confidential information to Ontrack. We therefore conclude CRBC provided clear and specific legally sufficient evidence to establish Harper breached the Confidentiality Agreement. Accordingly, because we conclude CRBC satisfied its burden and there is nothing in

the record showing Harper established an affirmative defense or other ground on which he would be entitled to judgment as a matter of law, we hold the trial court did not err by denying Harper's motion to dismiss under the TCPA.

## CONCLUSION

We affirm the trial court's order denying Harper's motion to dismiss.[4]

Luz Elena D. Chapa, Justice

---

[4] Based on our resolution of this appeal, appellee's "Motion to Strike and Dismiss Appellant's Reply Brief" is moot. *In re Guardianship of Herron*, No. 02-13-00317-CV, 2014 WL 4463104, at *4 n.11 (Tex. App.—Fort Worth Sept. 11, 2014, no pet.) (mem. op.).